OPINION OF THE COURT
Michael Wollin, J.
This is a motion by plaintiffs Claris McKenzie and Kenneth L. McKenzie (C. McK. and K. L. McK.) for an order pursuant to CPLR 603 and 2218 ordering a trial determining the issue of operation and control of the vehicle owned by the defendant The Port Authority of New York and New Jersey (The Port Authority).
The facts are not in dispute. On April 13, 1977 a motor vehicle owned by K. L. McK. was involved in a collision with an automobile owned by the Port Authority and driven by *9 defendant Frank Baxter (Baxter). C. McK. who was a passenger in the automobile operated by K. L. McK. sustained personal injuries and K. L. McK. sustained personal injuries and property damage.
The summons was served and The Port Authority interposed an answer but Baxter failed to appear or answer. On March 2, 1979 an examination before trial was conducted of the plaintiffs and The Port Authority. The proceeding has not been noticed for trial.
The plaintiffs contend that the denial of operation and control by The Port Authority impels an accelerated trial to resolve the issue before procedurally continuing with the matter.
It appears to this court that reliance upon CPLR 603 and 2218 is misplaced. CPLR 603 states as follows: "In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others.”
The statute merely empowers the court, in a case reached for trial, to order a separate trial of any claim or issue.
Likewise, CPLR 2218 offers no comfort to the plaintiffs. It states as follows: "The court may order that an issue of fact raised on a motion shall be separately tried by the court or a referee. If the issue is triable of right by jury, the court shall give the parties an opportunity to" demand a jury trial of such issue. Failure to make such demand within the time limited by the court, or, if no such time is limited, before trial begins, shall be deemed a waiver of the right to trial by jury. An order under this rule shall specify the issue to be tried.”
This statute merely authorizes the court to direct the trial of an issue of fact before determining the motion.
Neither statute grants a trial preference.
In the instant motion, the plaintiffs inferentially seek a trial preference and are statutorily precluded.
Since the Civil Court Act fails to prescribe trial preferences, except in small claims (CCA 1806), the court is governed by CPLR 101.
CPLR 101 in part states: "The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.”
*10 More particularly CPLR 3403 enumerates grounds for trial preferences. The pertinent part states:
"(a) Preferred cases. Civil cases shall be tried in the order in which notes of issue have been filed, but the following shall be entitled to a preference: * * *
"3. an action in which the interests of justice will be served by an early trial”.
"Interests of justice” is supportive of a substantial right and yields to merit but not to accommodation or expediency. In the instant proceeding granting trial preference would be violative of the intendment of the statute.
Motion denied.